IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RFCyber CORP., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2-20-cv-00335-JRG <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.'S AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES, TO PLAINTIFF RFCYBER CORP.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Defendants"), by and through their counsel, hereby respond to Plaintiff RFCyber Corp.'s ("RFCyber" or "Plaintiff") Complaint For Patent Infringement ("Complaint") as follows:

**THE PARTIES**

1. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies each such allegation.

2. Samsung admits that SEC is a South Korean corporation with a principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea. Samsung denies the remaining allegations in Paragraph 2 of the Complaint.

3. Samsung admits that SEA is a New York corporation having a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660, and maintains an office in

Plano, Texas. The cited webpage (https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/) speaks for itself and no further response is required. Samsung further admits that SEA has designated CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, as its agent for service of process. Samsung denies that SEA has corporate offices at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.

4. Samsung admits that various entities sell Samsung devices in the State of Texas, including in the Eastern District of Texas. Samsung denies the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Samsung admits that the Complaint purports to state a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, but denies that it has committed any acts of infringement as alleged by RFCyber. Samsung does not contest that this Court has subject matter jurisdiction over RFCyber's claim for patent infringement.

6. Samsung denies that it is in any way liable or indebted to Plaintiff under these or any other claims.

7. Samsung admits that this Court has personal jurisdiction over Samsung. Samsung also admits that SEA sells products to customers in this District, but denies that Samsung has committed any acts of infringement as alleged by RFCyber. Samsung further denies the remaining allegations in Paragraph 7 of the Complaint.

8. For purposes of this action only, Samsung does not contest that venue is proper in this District, but denies that Samsung has committed any acts of infringement as alleged by RFCyber. Samsung admits that SEA has a place of business, and sells products to customers, in this District. Samsung denies that venue in this District is convenient and Samsung reserves the

right to seek transfer to a more appropriate or convenient forum.  Samsung denies the remaining allegations in Paragraph 8 of the Complaint.

## PATENTS-IN-SUIT

9. Samsung admits that U.S. Patent No. 8,118,218 (the "'218 patent") is entitled "Method and Apparatus for Providing Electronic Purse" and appears on its face to have issued on February 21, 2012. Samsung also admits that Paragraph 9 references the '218 patent at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=08118218.  Samsung denies that the '218 patent was duly or legally issued.

10. Samsung admits that U.S. Patent No. 8,448,855 (the "'855 patent") is entitled "Method and Apparatus for Funding an Electronic Purse" and appears on its face to have issued on May 28, 2013. Samsung also admits that Paragraph 10 references the '855 patent at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=08448855.  Samsung denies that the '855 patent was duly or legally issued.

11. Samsung admits that U.S. Patent No. 9,189,787 (the "'787 patent") is entitled "Method and Apparatus for Conducting E-Commerce and M-Commerce" and appears on its face to have issued on November 17, 2015. Samsung also admits that Paragraph 11 references the '787 patent at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=09189787. Samsung denies that the '787 patent was duly or legally issued.

12. Samsung admits that U.S. Patent No. 9,240,009 (the "'009 patent") is entitled "Mobile Devices for Commerce Over Unsecured Networks" and appears on its face to have issued on January 19, 2016. Samsung also admits that Paragraph 12 references the '009 patent at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=09240009.  Samsung denies that the '009 patent was duly or legally issued.

13. Samsung admits that U.S. Patent No. 10,600,046 (the "'046 patent") is entitled "Method and Apparatus for Mobile Payments" and appears on its face to have issued on March 24, 2020. Samsung also admits that Paragraph 13 references the '046 patent at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=10600046. Samsung denies that the '046 patent was duly or legally issued.

14. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and, on that basis, denies each such allegation.

## INFRINGEMENT ALLEGATIONS

15. The contents of the Patents-in-Suit speak for itself, thus, no response is required. To the extent necessary, Samsung denies the allegations in Paragraph 15 of the Complaint.

16. Samsung denies the allegations in Paragraph 16 of the Complaint.

17. Samsung denies the allegations in Paragraph 17 of the Complaint.

18. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and, on that basis, denies each such allegation.

## COUNT I
### (Infringement of the '218 Patent)

19. Samsung repeats and incorporates by reference its responses to Paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and, on that basis, denies each such allegation.

21. Samsung denies the allegations in Paragraph 21 of the Complaint.

22. Samsung denies the allegations in Paragraph 22 of the Complaint.

23. Samsung denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 30 of the Complaint.

31. Samsung admits that it was made aware of the '218 patent through service of the Complaint. Samsung denies the remaining allegations in Paragraph 31 of the Complaint.

32. Samsung denies the allegations in Paragraph 32 of the Complaint.

33. Samsung denies the allegations in Paragraph 33 of the Complaint.

34. Samsung denies the allegations in Paragraph 34 of the Complaint.

35. Samsung denies the allegations in Paragraph 35 of the Complaint.

**COUNT II**
**(Infringement of the '787 Patent)**

36. Samsung repeats and incorporates by reference its responses to Paragraphs 1 through 18 [sic] of the Complaint as if fully set forth herein.

37. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and, on that basis, denies each such allegation.

38. Samsung denies the allegations in Paragraph 38 of the Complaint.

39. Samsung denies the allegations in Paragraph 39 of the Complaint.

40. Samsung denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the remaining allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 46 of the Complaint.

47. Samsung admits that it was made aware of the '787 patent through service of the Complaint. Samsung denies the remaining allegations in Paragraph 47 of the Complaint.

ACTIVE 55175077v4

48. Samsung denies the allegations in Paragraph 48 of the Complaint.

49. Samsung denies the allegations in Paragraph 49 of the Complaint.

50. Samsung denies the allegations in Paragraph 50 of the Complaint.

51. Samsung denies the allegations in Paragraph 51 of the Complaint.

## COUNT III
### (Infringement of the '855 Patent)

52. Samsung repeats and incorporates by reference its responses to Paragraphs 1 through 18 [sic] of the Complaint as if fully set forth herein.

53. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and, on that basis, denies each such allegation.

54. Samsung denies the allegations in Paragraph 54 of the Complaint.

55. Samsung denies the allegations in Paragraph 55 of the Complaint.

56. Samsung denies the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 61 of the Complaint.

ACTIVE 55175077v4

62. Paragraph 62 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 64 of the Complaint.

65. Samsung admits that it was made aware of the '855 patent through service of the Complaint. Samsung denies the remaining allegations in Paragraph 65 of the Complaint.

66. Samsung denies the allegations in Paragraph 66 of the Complaint.

67. Samsung denies the allegations in Paragraph 67 of the Complaint.

68. Samsung denies the allegations in Paragraph 68 of the Complaint.

69. Samsung denies the allegations in Paragraph 69 of the Complaint.

## COUNT IV
### (Infringement of the '009 Patent)

70. Samsung repeats and incorporates by reference its responses to Paragraphs 1 through 18 [sic] of the Complaint as if fully set forth herein.

71. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and, on that basis, denies each such allegation.

72. Samsung denies the allegations in Paragraph 72 of the Complaint.

73. Samsung denies the allegations in Paragraph 73 of the Complaint.

74. Samsung denies the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 75 of the Complaint.

ACTIVE 55175077v4

76. Paragraph 76 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 76 of the Complaint.

77. Paragraph 77 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 81 of the Complaint.

82. Samsung admits that it was made aware of the '009 patent through service of the Complaint. Samsung denies the remaining allegations in Paragraph 82 of the Complaint.

83. Samsung denies the allegations in Paragraph 83 of the Complaint.

84. Samsung denies the allegations in Paragraph 84 of the Complaint.

85. Samsung denies the allegations in Paragraph 85 of the Complaint.

86. Samsung denies the allegations in Paragraph 86 of the Complaint.

**COUNT V**
**(Infringement of the '046 Patent)**

87. Samsung repeats and incorporates by reference its responses to Paragraphs 1 through 18 [sic] of the Complaint as if fully set forth herein.

ACTIVE 55175077v4

88. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and, on that basis, denies each such allegation.

89. Samsung denies the allegations in Paragraph 89 of the Complaint.

90. Samsung denies the allegations in Paragraph 90 of the Complaint.

91. Samsung denies the allegations in Paragraph 91 of the Complaint.

92. Paragraph 92 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 92 of the Complaint.

93. Paragraph 93 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 93 of the Complaint.

94. Paragraph 94 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 94 of the Complaint.

95. Paragraph 95 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 95 of the Complaint.

96. Paragraph 96 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 96 of the Complaint.

97. Paragraph 97 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 97 of the Complaint.

98. Paragraph 98 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 98 of the Complaint.

99. Paragraph 99 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 99 of the Complaint.

ACTIVE 55175077v4

100. Paragraph 100 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 100 of the Complaint.

101. Paragraph 101 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 101 of the Complaint.

102. Paragraph 102 contains legal conclusions to which no answer is required. To the extent an answer is required, Samsung denies the allegations in Paragraph 102 of the Complaint.

103. Samsung admits that it was made aware of the '046 patent through service of the Complaint. Samsung denies the remaining allegations in Paragraph 103 of the Complaint.

104. Samsung denies the allegations in Paragraph 104 of the Complaint.

105. Samsung denies the allegations in Paragraph 105 of the Complaint.

106. Samsung denies the allegations in Paragraph 106 of the Complaint.

107. Samsung denies the allegations in Paragraph 107 of the Complaint.

## DEMAND FOR JURY TRIAL

RFCyber's Jury Demand does not require admission or denial.

## RESPONSE TO PRAYER FOR RELIEF

With respect to RFCyber's Prayer for Relief, Samsung denies that RFCyber is entitled to the judgment and relief requested in Paragraphs a-h.

## AFFIRMATIVE DEFENSES

Without admitting that it bears the burden of proof to any of them, Samsung asserts the following defenses in response to the allegations in the Complaint.

## FIRST DEFENSE
### (NON-INFRINGEMENT)

Samsung does not directly infringe and has not directly infringed, and does not indirectly infringe and has not indirectly infringed, by contributing to infringement or inducing infringement

of, any valid and enforceable claim of U.S. Patent Nos. 8,118,218 (the "'218 patent"), 8,448,855 (the "'855 patent"), 9,189,787 (the "'787 patent"), 9,240,009 (the "'009 patent"), and 10,600,046 (the "'046 patent") (collectively, the "Patents-in-Suit").

## **SECOND DEFENSE**
### (INVALIDITY)

The Patents-in-Suit are each invalid for failure to comply with the requirements of Title 35 of the United States Code, including, for example §§ 101, 102, 103, and 112.

## **THIRD DEFENSE**
### (NOTICE, DAMAGES AND COSTS)

RFCyber is not entitled to any damages, and if any damages are available, they would only be available after filing suit, they should not include lost profits and should be limited to a reasonable royalty, and/or are also statutorily limited including, but not limited to, under 35 U.S.C. § 287.

Upon information and belief, RFCyber is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## **FOURTH DEFENSE**
### (PROSECUTION HISTORY ESTOPPEL)

RFCyber is estopped from construing any valid claim of the Patents-in-Suit to cover or include, either literally or by application of the doctrine of equivalents, any of Samsung's products, methods, or systems due to prosecution history estoppel.

## **FIFTH DEFENSE**
### (EQUITY)

RFCyber is barred in whole or in part under principles of equity, including without limitation, acquiescence, prosecution laches, estoppel, waiver, misconduct, patent misuse, unfair competition, unclean hands, and/or other equitable defenses.

ACTIVE 55175077v4

## SIXTH DEFENSE
### (FAILURE TO STATE A CLAIM)

With respect to each purported claim for relief alleged in the Complaint, RFCyber fails to allege facts sufficient to state a claim against Samsung upon which relief may be granted.

## SEVENTH DEFENSE
### (LACK OF STANDING)

To the extent that RFCyber does not hold all rights, title and interest in any of the Patents-in-Suit, RFCyber lacks standing to sue for infringement for such patent(s).

## EIGHTH DEFENSE
### (NOT AN EXCEPTIONAL CASE)

RFCyber cannot prove that this is an exceptional case justifying an award of attorney fees pursuant to 35 U.S.C. § 285.

## NINTH DEFENSE
### (NO WILLFUL INFRINGEMENT)

RFCyber is not entitled to enhanced damages under 35 U.S.C. § 284 because Samsung has not intentionally, wilfully, or deliberately infringed any claim of the Patents-in-Suit, or acted with egregious conduct.

## PRAYER FOR RELIEF

Wherefore, Samsung prays that this Court enter judgment:

a. Dismissing the Complaint with prejudice;

b. Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Samsung its attorneys' fees incurred in this action;

c. For an award of all costs incurred by Samsung in this action; and

d. For all such other and further relief as this Court deems just and equitable.

ACTIVE 55175077v4

## JURY DEMAND

Samsung demands a trial by jury for all issues so triable.

Dated: February 11, 2021

By: */s/ Allan A. Kassenoff*
Richard A. Edlin
Allan A. Kassenoff
Jeffrey Colin
Vimal M. Kapadia
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10002
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: edlinr@gtlaw.com
Email: kassenoffa@gtlaw.com
Email: colinj@gtlaw.com
Email: kapadiav@gtlaw.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

*ACTIVE 55175077v4*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February 2021, I caused the above Defendants Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s Answer and Affirmative Defenses to Plaintiff RFCyber Corp.'s Complaint for Patent Infringement to be served on all parties in this action via the Court's CM/ECF system.

/s/ *Melissa R. Smith*